Dear Mr. Oswald:
This letter is in response to your questions asking:
 1. Does the Comprehensive Election Act of 1977, Chapter 115, RSMo. contemplate that the term `Election Day' as used in Section 115.637(19) include that period of time during which absentee ballots may be voted at the County Clerk's Office in the Courthouse of a Third Class County?
 2. If the answer to No. 1 is `yes', is the County Clerk's Office a `polling place' within the meaning of paragraph 19 of Sec. 115.637, RSMo?
 3. If the answer to No. 2 is `yes', is the distribution of election literature or posting of signs or placing of vehicles bearing signs with respect to any candidate or question to be voted on at an election inside the Third Class County Courthouse building in which the County Clerk's office is located an election offense and likewise is the refusal on the part of any person to remove or permit removal of the signs or election literature located within the proscribed distance or building and after request by any person an election offense?
Section 115.637, RSMo, provides in pertinent part:
 The following offenses, and any others specifically so described by law, shall be class four election offenses and are deemed misdemeanors not connected with the exercise of the right of suffrage. Conviction for any of these offenses shall be punished by imprisonment of not more than one year or by a fine of not more than two thousand five hundred dollars or by both such imprisonment and fine:
. . . .
 (19) Electioneering or distributing election literature or posting signs or placing vehicles bearing signs with respect to any candidate or question to be voted on at an election on election day inside the building in which a polling place is located or within twenty-five feet of the building's outer door closest to the polling place, or, on the part of any person, refusing to remove or permit removal from property owned or controlled by him, any such election sign or literature located within such distance on such day after request for removal by any person.
It is our view that in the circumstances you present the county clerk's office is not a "polling place" within the meaning of subsection (19). The term "polling place" is defined in subsection (19) of § 115.013, RSMo Supp. 1980, as "the voting place designated for all voters residing in one or more precincts for any election." Likewise, it is clear that the term "election day" as used in subsection (19) of § 115.637 refers to the election days provided in § 115.123, RSMo Supp. 1980.
We therefore conclude that the situation you present does not come within the prohibition of subsection (19) of § 115.637.
An answer to your third question is therefore not required.
Very truly yours,
 JOHN ASHCROFT Attorney General